## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>George C. Mitchell<br>& Donna M. Mitchell,<br><br>                    Debtors | Chapter 7<br>Case No. 19-10167 |
| Anthony J. Manhart,<br>Chapter 7 Trustee,<br><br>                    Plaintiff<br>  v.<br><br>Lititz Mutual Insurance<br>Company,<br><br>                    Defendant | Adv. Proc. No. 20-1001 |

## ORDER GRANTING DEFENDANT'S MOTION TO ENFORCE DEPOSITION SUBPOENA OF DONNA M. MITCHELL

On July 7, 2021, the Court conducted a hearing on the Defendant's Motion to Enforce Deposition Subpoena of Donna M. Mitchell [Dkt. No. 73] (the "Motion"). The Motion was filed on May 28, 2021, after the extended fact discovery deadline of May 13, 2021. *See* [Dkt. No. 63, Pt. VII(a)]. The Plaintiff opposes the Motion as untimely, and further contends that the Defendant has not shown good cause to modify the pretrial scheduling order that established the discovery deadline. *See* [Dkt. No. 88].

The Defendant should have made more diligent efforts to secure Ms. Mitchell's deposition testimony within the discovery deadline. In July 2020, after hearing from the parties at a pretrial conference, the Court established a fact discovery deadline of March 15, 2021. *See* [Dkt. No. 37, Pt. VII(a)]. Much of that eight-month period was apparently squandered. The Defendant made its

initial attempt to depose Ms. Mitchell on January 13, 2021, but failed to subpoena her and she did not appear.  Thereafter, the Defendant made multiple timely attempts to depose Ms. Mitchell, and the deadline for fact discovery was extended to May 13, 2021.  One of those attempts, on February 17, 2021, suffered from technological shortcomings; another, on May 4, 2021, fell apart due to Ms. Mitchell's unwillingness to answer questions.  The Defendant should have filed its Motion after the botched attempt on May 4, and before the deadline on May 13, and has not offered a compelling reason for its failure to do so.  However, Ms. Mitchell's testimony is likely to be critical to the Defendant's case, and permitting a further deposition attempt will not delay the trial, as expert discovery remains ongoing.  Moreover, although granting the Motion without conditions would prejudice the Plaintiff by requiring him to incur additional expenses to prepare for and attend a further deposition, that prejudice can be ameliorated by conditioning the relief granted.  On balance, although it is a close call, the Court will permit a limited, conditional, final extension of the fact discovery deadline.  Further extensions will not be forthcoming.

The Motion is hereby GRANTED on the following terms:

1. The Defendant may make one further attempt to secure the deposition testimony of Ms. Mitchell if and only if the Defendant agrees to pay the reasonable expenses (up to, but not exceeding, ten hours of attorney time) that the Plaintiff incurs to prepare for and attend such deposition.

2. If the Defendant agrees with the condition set forth in the previous paragraph, and provides proper notice of a deposition to Donna Mitchell, then Ms. Mitchell must comply with the Defendant's deposition subpoena and appear to testify no later than August 13, 2021.

- 3 -

3. The Defendant shall provide notice of this order to Ms. Mitchell by first class mail and file a certificate evidencing such service no later than July 16, 2021.

Date: July 12, 2021

_____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine