UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>George C. Mitchell<br>& Donna M. Mitchell,<br><br>                      Debtors | Chapter 7<br>Case No. 19-10167 |
| Anthony J. Manhart,<br>Chapter 7 Trustee,<br><br>                      Plaintiff<br>  v.<br><br>Lititz Mutual Insurance<br>Company,<br><br>                      Defendant | Adv. Proc. No. 20-1001 |

**ORDER DENYING**
**TRUSTEE'S MOTION TO LIMIT TESTIMONY OF EXPERTS**

This proceeding is ultimately headed to the District Court—either for a jury trial or for proceedings on proposed findings and conclusions under Fed. R. Bankr. P. 9033.  The Plaintiff has filed a motion for an order limiting the testimony of two experts designed by the Defendant [Dkt. No. 86] (the "Motion").  Specifically, the Plaintiff asked the Court to enter an order (1) "limiting the testimony of Dan D. Kohane and excluding his testimony regarding the interpretation of the terms of the insurance policy issued by the Defendant[;]" (2) "limiting the testimony of Andrew Sysak and excluding his testimony regarding the interpretation of the terms of the insurance policy issued by

Defendant[;]" and (3) "prohibiting [Andrew Sysak] from testifying as an expert witness with respect to his observations or . . . his personal knowledge of the facts of [the] case." [Dkt. No. 86, p. 8.][1]

The Motion—which is akin to a motion *in limine*—is denied without prejudice to the Plaintiff's right to renew it in the District Court.  Many of the questions raised by the Motion would be better weighed and more appropriately resolved in the context of the trial itself.  *See* United States v. Noah, 130 F.3d 490, 496 (1st Cir. 1997) (approving a wait-and-see approach to a motion *in limine* and explaining that a "court is not required to make judgment calls about admissibility *a priori* and out of context"); Fusco v. Gen. Motors Corp., 11 F.3d 259, 263 (1st Cir. 1993) ("[M]ost district judges are very cautious about making a definitive ruling *in limine* that evidence will not be received at trial.  Trial judges know better than most that many issues are best resolved in context and only when finally necessary.").

Notwithstanding this disposition of the Motion, a few comments are warranted.  First, it is unsurprising that the Plaintiff seeks an order precluding Mr. Kohane and Mr. Sysak from providing certain opinion testimony.  The Plaintiff's complaint contains two counts, the first for breach of an insurance contract and the second for bad faith or unfair practices in the settlement of the Debtors' insurance claim.  Most of the heat generated by the Motion relates to the bad faith count.  The Defendant's designation of Mr. Kohane indicates that he is expected to provide expert testimony "on issues including but not limited to: (1) *whether the Debtors' [sic] breached their contractual obligations* . . . ; (2) whether Lititz Mutual was permitted, under the terms of the policy to schedule and conduct an Examination Under Oath[;] (3) whether Lititz Mutual, at all times, acted in good faith and took reasonable steps to resolve the Debtors' claim . . . ; and (4) whether the Debtors, by and through their conduct, failed to satisfy a condition precedent of the

---

[1] The Motion also raised a timeliness issue as to the Defendant's designation of expert witnesses.  That issue has been resolved by separate order.  *See* [Dkt. No. 107].

- 2 -

applicable insurance policy." [Dkt. No. 113, p. 2] (emphasis added).  The designation of Mr. Sysak broadly indicates that he is "expected to testify regarding the terms and conditions of the homeowners' insurance policy issued by Lititz Mutual" to the Debtors.  Id. p. 3.  These expansive designations were sure to draw objection from the Plaintiff: there is no question, based on the breadth of the designations, that the Defendant intended to elicit testimony from its experts that might invade the province of the jury as the finder of fact or the Court as the arbiter of the law, or both.  In an apparent about face, the Defendant now concedes that it "does not intend to elicit expert opinion testimony at trial from Attorney Sysak or Attorney Kohane that the [Debtors] breached the insurance policy provisions." *See* [Dkt. No. 108, p. 9].  There is agreement on that score at least.

As for the bad faith count, the Pennsylvania caselaw cited by the parties should light the path forward while the parties complete expert discovery, and may prove useful to the District Court if the Plaintiff renews its motion at or before trial.  According to that caselaw, the "interpretation of an insurance contract is a matter of law and is generally performed by the court."  Kropa v. Gateway Ford, 974 A.2d 502, 505 (Pa. Super. Ct. 2009); *accord* Lexington Ins. Co. v. W. Pa. Hosp., 423 F.3d 318, 323 (3d Cir. 2005).  As such, expert testimony concerning the interpretation of an insurance policy is generally inadmissible.  Nationwide Life Ins. Co. v. Commonwealth Land Title Ins. Co., No. 05-281, 2011 U.S. Dist. LEXIS 5933, at *37 (E.D. Pa. Jan. 20, 2011).  However, for "the court or factfinder to understand what is meant by a specific insurance contract term, evidence of custom and usage may well be of assistance."  Id.  "To that end, numerous courts . . . have permitted expert testimony as to custom and practice as to the meaning of a particular contract term within an insurance policy, so long as the expert's testimony does not venture into the realm of purely legal contract construction or interpretation."

Id. at 37-38.  "An expert, based on his experience, can testify about industry customs and practices but cannot give his opinion as to the legal duties arising from industry custom or whether a party complied with the law."  English v. Crown Equip. Corp., No. 3:13-0978, 2016 U.S. Dist. LEXIS 18029, at *25 (M.D. Pa. Feb. 16, 2016).  In a bad faith case, "expert testimony may be appropriate with respect to issues such as insurance claims adjusting procedure, an insurer's compliance with industry customs and standards, and whether the insurer lacked a reasonable basis for denying an insured's claim."  Gallatin Fuels, Inc. v. Westchester Fire Ins. Co., 410 F. Supp. 2d 417, 421 (W.D. Pa. 2006).  However, an expert "should not be permitted to testify as to his opinion on the application of the insurance policy to [the subject] loss."  Id.  An expert's opinions on the interpretation of an insurance contract "would not assist the jury in understanding coverage" and are otherwise "impermissible legal conclusions."  Id.  Similarly, an expert should not be permitted to opine that an insurer acted in bad faith in violation of applicable law.  Id. at 422.

       Although the Court will not grant the Motion at this juncture, it appears as though the first and second forms of relief requested by the Plaintiff are well-founded.  According to the caselaw cited by the the Defendant, the interpretation of the terms of the Debtors' insurance policy is not a proper subject of expert testimony under Fed. R. Evid. 702.  At trial, the District Court will fashion legal instructions to the jury.  Presumably, the policy will be admitted in evidence and the jury will be able to consider its terms in light of the instructions given by the District Court.  As relates to the terms of the policy themselves, expert testimony is unlikely to assist the jury in determining a fact in issue or understanding the evidence.  That said, the disclosures of Mr. Kohane and Mr. Sysak do suggest that both intend to testify about the customs and practices of the insurance industry.  See [Dkt. No. 108-1, 108-2].  To the extent that those

customs and practices inform the meaning of a particular contract term or bear upon the standard of care applicable to the bad faith count, that testimony may be proper under Rule 702. That ruling is best made in the context of the trial.[2]

The third form of relief sought by the Plaintiff—an order prohibiting Mr. Sysak from testifying as an expert with respect to his personal knowledge of the facts of this case—is a bit puzzling. There is no rule precluding a witness from testifying about matters of which the witness has personal knowledge and, in the same proceeding, providing expert testimony that is permitted by Rule 702 and not otherwise excludable under the Federal Rules of Evidence. *See generally* Portland Pipe Line Corp. v. City of S. Portland, 288 F. Supp. 3d 321, 336 n.10 (D. Me. 2017). To the extent that there could be any confusion from a witness testifying in these dual capacities, the District Court is capable of fashioning instructions to the jury to eliminate any such confusion.

Finally, the Defendant has complicated this case by its seemingly cavalier approach, to the case generally and to discovery particularly. One particularly troubling example: in November 2020, the Plaintiff served an interrogatory asking the Defendant to "identify all experts . . . who were consulted in responding to the [Debtors' insurance] claim[.]" *See* [Dkt. No. 116, ¶ 12]. By its terms, this interrogatory was directed to experts that the Defendant consulted in denying the claim, not to experts that the Defendant would or might call as witnesses at trial. Rather than answering the question asked, the Defendant replied: "Subject to its objections, no determination has yet been made as to the names and addresses of expert witnesses to be called at trial on behalf of the individual answering these interrogatories. This answer will be supplemented in a timely fashion in

---

[2] The Court expresses no views on whether any testimony from the Defendant's expert witnesses may be excluded on other grounds. That question is for the District Court.

accordance with Fed. R. Civ. P. 26." [Dkt. No. 116-1, ¶ 12.][3]  There has been no suggestion that the Defendant supplemented its answer to this particular interrogatory even though the Defendant now claims that it acted in good faith and points to its consultation with Mr. Sysak in support of that claim.  Instead, following an animated exchange with counsel for the Plaintiff during the hearing on the Motion, the Defendant filed a trove of discovery materials on the docket that the Court did not invite and will not consider.  *See* [Dkt. No. 117].  Although the Plaintiff has not brought a motion under Fed. R. Civ. P. 37 (and the Court is not encouraging it to do so), the Court is troubled by the Defendant's approach to this case.  This is, by no means, an indictment of the Defendant's positions or defenses, but rather an observation that the Defendant's approach has made this case lengthier and more expensive than it should have been.

Date: July 29, 2021

                                            Michael A. Fagone
                                            United States Bankruptcy Judge
                                            District of Maine

---

[3]  Even a casual review of the Defendant's interrogatory answers shows that the Defendant has raised the type of boilerplate objections that frustrate parties and courts, and that tend to spiral the costs of litigation.  That is unfortunate.