**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>George C. Mitchell<br>& Donna M. Mitchell,<br><br>　　　　　　　　　Debtors | Chapter 7<br>Case No. 19-10167 |
| Anthony J. Manhart,<br>Chapter 7 Trustee,<br><br>　　　　　　　　　Plaintiff<br>　v.<br><br>Lititz Mutual Insurance<br>Company,<br><br>　　　　　　　　　Defendant | Adv. Proc. No. 20-1001 |

**ORDER DENYING DEFENDANT'S MOTION TO EXTEND DEADLINE**

On July 12, 2021, the Court issued an Order Granting Defendant's Motion to Enforce Deposition Subpoena of Donna M. Mitchell [Dkt. No. 104] (the "Order"). The final paragraph of the Order stated: "The Defendant shall provide notice of this order to Ms. Mitchell by first class mail and file a certificate evidencing such service no later than July 16, 2021." Id. On August 3, 2021, the Defendant filed a Motion for Leave to Extend Deadline to Serve Court Order on Donna M. Mitchell [Dkt. No. 122] (the "Motion to Extend"), asking the Court to extend the July 16, 2021 deadline set by the Order to July 30, 2021. In support of this request, the Defendant asserts that it committed a "clerical error in reading" the Order and asks the Court to find that its misinterpretation of the Order constitutes "excusable neglect" under Fed. R. Bankr. P. 9006(b)(1) and Pioneer Investment Services Company v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993).

In discussing the factors identified in Pioneer to determine whether neglect is "excusable," the First Circuit has indicated that "[e]ven where there is no prejudice, impact on judicial proceedings, or trace of bad faith, the favorable juxtaposition of these factors does not excuse the delay where the proffered reason is insufficient." Tubens v. Doe, 976 F.3d 101, 106 (1st Cir. 2020) (quotation marks omitted) (alterations omitted). Here, the proffered reason for the Defendant's delay is insufficient. See Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 6 (1st Cir. 2001) ("Even in the wake of Pioneer, . . . when a party's or counsel's misunderstanding of clear law or misreading of an unambiguous judicial decree is the reason for the delay . . . we have continued to uphold findings of 'no excusable neglect' where the court cited the absence of unique or extraordinary circumstances."). The Defendant has not offered any explanation that might justify its misinterpretation of the Order. The Motion to Extend is therefore DENIED.[1]

Date: August 4, 2021

Michael A. Fagone
United States Bankruptcy Judge
District of Maine

---

[1] In light of this disposition, there is no need to address the Defendant's Motion for Emergency Hearing on the Motion to Extend [Dkt. No. 123].